PATERSON AVENUE AND SECAUCUS ROAD COMMISSIONERS ET AL. v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

A portion of the costs and expenses of improving the Paterson avenue and Secaucus road was, by authority of the statute, laid upon the county of Hudson, but no authority is given by the legislation to collect interest, on the assessment. The taxing power must be strictly exercised, and the principal sum, only, assessed

On application for *mandamus.*

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the relators, *J. D. Bedle* and *F. McGee.*

For the defendants, *Job H. Lippincott.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is an application for a writ of *mandamus* to compel the board of chosen freeholders of the county of Hudson to make an appropriation for, and place in the tax levy for the next fiscal year, the sum assessed against the county for the improvement of the Paterson avenue and Secaucus road, and also interest thereon.

There is no authority given by the legislation, in this case, to collect interest from the county.

In the absence of such legislative authority, interest cannot be collected.

Morgan v. Comptroller of Elizabeth.

In *City of Camden* v. *Allen*, 2 *Dutcher* 398, Chief Justice Green says :

"A tax, in its essential characteristics, is not a debt, nor in the nature of a debt. A debt universally bears interest from the time it is due. A tax never carries interest. No instance, it is believed, can be found, since the formation of the government, where a claim for interest on taxes has been made or enforced."

Section 1 of the act of. 1875, page 519, authorizing the commissioners to assess a certain portion of the costs and expenses of said improvement upon the county of Hudson, provides that the amount so assessed upon the county shall be paid by the county, on account of said improvement, and said sum so determined shall be raised by general taxation, as other county taxes are raised.

The commissioners are to determine what proportion of the costs and expenses of the improvement shall be paid by the county, and the statute directs that amount to be raised by taxation. In the exercise of the taxing power, the board of freeholders is limited, by the terms of the statute, to the imposition of the sum assessed. No authority is given to increase the burden by adding interest. The taxing power must be strictly exercised.

It is the duty of the defendants to assess the principal sum only, $58,861.11, and not the interest.

Let a *mandamus* issue accordingly.